## IN THE UNITED STATES BANKRUPTCY COURT
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No.: 11-27122 |
| JESUS MOJICA | ) | |
| ALMA ROSA VILLA | ) | |
| | ) | Judge Jack B. Schmetterer |
| Debtors | ) | Trustee Tom Vaughn |

| | | |
|---|---|---|
| JESUS MOJICA | ) | |
| ALMA ROSA VILLA | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Adv. No. 11-02151 |
| | ) | |
| PNC MORTGAGE | ) | |
| | ) | |
| Defendant, | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Jesus Mojica and Alma Rosa Villa, ("Debtors" or "Plaintiffs"), by and through their attorney, Ted A. Smith, hereby requests that this Court enter an order approving the Plaintiff's proposed finding of fact and conclusion of law. Plaintiff's proposed finding of fact and conclusions of law are as follows:

### FINDINGS OF FACT

1. Plaintiff filed the instant case, 11-27122, on June 30, 2011, under Chapter 13 of the U.S. Bankruptcy Code, currently pending before this Court.

2. The Defendant, PNC Mortgage, is, upon information and belief, an entity engaged in the business of consumer lending in the State of Illinois, and which maintains a principal place of business in some other state other than the State of Illinois.

3. The 341 Meeting of Creditors was held and adjourned on July 27, 2011.

4. The Plaintiff owns real property located at 3722 W. Giddings, Chicago, IL 60625, with a PIN number of 13-14-404-022-0000.

5. The Plaintiff's interest in his residential property is subject to a first lien from a mortgage held by PNC Mortgage in the approximate amount of $297,112.00. This mortgage was recorded on June 3, 2006, with the Cook County Recorder of Deeds.

6. The Plaintiff's interest in his residential property is subject to a second lien from a mortgage held by PNC Mortgage in the approximate amount of $52,042.00. This mortgage was recorded on June 3, 2006, with the Cook County Recorder of deeds, Document Number 0617146043.

7. No proof of claim has been filed on the second mortgage.

8. The lien securing the second mortgage of Defendant is junior to the first mortgage owed to PNC Mortgage.

9. The Plaintiff alleges that when he filed his bankruptcy petition, the value of the property was $155,000.00. Plaintiff had an appraisal done which indicated the same value.

10. Plaintiff brought this action pursuant to 11 U.S.C. § 506 (a), § 506 (d), and the federal Rules of Bankruptcy Procedure Rules 3012 and 7001 (2) seeking to determine the value of the Defendant's interest in Debtor's residential real estate and to determine the status of Defendant's claim.

11. That on October 19, 2011, Plaintiffs issued a summons and complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of the Defendant's lien on Plaintiff's property located at 3722 W. Giddings, Chicago, IL 60625.

12. That on October 19, 2011, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by certified U.S. mail, postage prepaid to an officer of the Defendants at 249 5th Avenue, Pittsburgh, PA 15222.

13. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleadings have been filed.

14. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

15. No evidence has been presented to challenge the appraised value of $155,000.00.

16. The first secured claim of PNC Mortgage in the amount of $297,112.00 exceeds the value and equity of the Plaintiff's residence.

17. There is not value and equity to support the claim of the Defendant.

**CONCLUSIONS OF LAW**

A. **Jurisdiction**

18. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This Court has both personal and subject matter jurisdiction to hear this case pursuant to §§ 1334 and 157(b)(2) of Title 28 of the United States Code.

19. This is a core proceeding and the Bankruptcy Court has jurisdiction to enter a final order.

20. Venue lies in the District pursuant to § 1391(b) of Title 28 of the United States Code.

B. **Argument**

21. Pursuant to § 506(a), "an allowed claim of a creditor secured by a lien on property in which the estate has an interest...is an unsecured claim to the extent that the value of such creditor's interest...is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition..."

22. Pursuant to § 506(d), "to the extent that a lien secures a claim against a debtor that is not an allowed secured claim, such lien is void..."

23. Pursuant to § 1322 (b)(2), "the plan may modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence..."

24. This Court decided in *In Re: Milliletti Forrest*, 410 B.R. 816 (September 16, 2009), that valuations of alleged wholly unsecured junior mortgages are to be conducted through an adversary proceeding.

25. The United States District Court for the Northern District of Illinois in *In Re: Bettye Jean Holloway*, 2001 U.S. Dist LEXIS 16898 (October 16, 2001), decided that § 1322 (b)(2), does not protect secondary lien holders whose interest is not supported by some value in the residence and their claim must be determined to be at least partially secured under § 506(a) to be protected from modification.

26. As there is no value or equity to support the second lien of PNC Mortgage, the claim is not a claim secured at all by a security interest in the Debtor's residence, as the term is used in § 1322 (b) of the Bankruptcy Code. The Chapter 13 Plan may value the collateral under F.R. Bankr. P. 3012, and determine the respective rights of secured creditors through the language used therein, contingent on confirmation thereof, completion of the plan by the Debtors, and entry of the Discharge. *In re Meyer*, 2009 B 20268, Docket Entry 69 (Bankr. N.D. Ill. January 29, 2010).

27. There is no equity in the property and pursuant to § 506(a), the Defendant has no allowable security interest in the claim for the second mortgage on the residential property

Enter:

_____
United States Bankruptcy Judge

Dated: 2/2/12

Ted A. Smith #6271456
Smith Ortiz P.C.
Attorney for Plaintiffs
4309 W. Fullerton Ave.
Chicago, Illinois 60639
Tel.: (773) 384-7400
Fax: (773) 384-7403
Email: ted.smith@smithortiz.com